```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
GLOBAL BRANDS HOLDINGS, LLC,          :
                    Plaintiff,        :   17 Civ. 7137 (LAK)(HBP)
     -against-                        :   OPINION
                                          AND ORDER
ACCESSORIES DIRECT INTERNATIONAL      :
USA, INC.,
                                      :
                    Defendant.
                                      :
-------------------------------------X
```

PITMAN, United States Magistrate Judge:

By letter dated June 18, 2019 (Docket Item ("D.I.") 34), plaintiff seeks reconsideration of my endorsed order dated June 14, 2019 (D.I. 32) which granted defendant an extension of time to file an opposition to plaintiff's motion for partial summary judgment. For the reasons set forth below, plaintiff's motion for reconsideration is granted and upon reconsideration, I vacate my June 14, 2019 endorsed order.

This matter has been referred to me to issue a report and recommendation on plaintiff's pending motion for partial summary judgment. As a dispositive motion, my report and recommendation is subject to de novo review by Judge Kaplan, the District Judge assigned to this matter. 28 U.S.C. § 636(b)(1). When I discovered that defendant had not opposed plaintiff's motion for partial summary judgment, I believed, incorrectly, that de novo review by Judge Kaplan meant that the defendant, as a matter of right, would be entitled to submit additional evi-

dence before Judge Kaplan. Because I believed it would be inefficient for me to address the motion without opposition that defendant would be entitled to submit to Judge Kaplan, I concluded that it made more sense to obtain whatever opposition defendant might have and to resolve the matter on a full record. In addition, because I believed that defendant had the right to submit additional evidence to Judge Kaplan, I also concluded that soliciting an opposition from defendant would not prejudice plaintiff.

Upon further review, it is clear that the losing party does not have the right to submit additional evidence in a proceeding seeking review of a Magistrate Judge's report and recommendation. Although the District Judge has discretion to consider such material, the majority view appears to be that consideration of additional evidence or argument is the exception and not the rule. Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate." (internal quotation marks and citations omitted)); Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters, 894 F.2d 36, 40, n. 3 (2d Cir. 1990) (no abuse of discretion where district judge denied request to present additional evidence where proponent "offered no justification for not offering the testimony at the hearing before the

magistrate"); <u>Praileau v. Fischer</u>, 930 F. Supp. 2d 383, 387 (N.D.N.Y. 2013) ("[A] district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.").

Because my June 14, 2019 endorsed order overlooked the foregoing authorities and because defendant has not, to date, shown that its failure to respond to the motion in a timely manner was the product of "excusable neglect," Fed.R.Civ.P., 6(b)(1)(B), I hereby vacate my June 14, 2019 endorsed order. If defendant wishes to make a motion claiming that its failure to respond to plaintiff's motion in a timely manner was the result of excusable neglect it may do so. In the absence of such an application, I shall consider plaintiff's motion for partial summary judgment solely on the basis of the papers submitted by plaintiff.[1]

Dated: New York, New York
June 21, 2019

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

---

[1]"Wisdom too often never comes, and so one ought not to reject it merely because it comes late." <u>Henslee v. Union Planters Nat. Bank & Trust Co.</u>, 335 U.S. 595, 600 (1949) (Frankfurter, J., dissenting).